UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | : |
| | : |
| EDWARD H. ROSEN and | : Case No. 11-1-0512-PM |
| STACY J. BERMAN, | : Chapter 13 |
| Debtors. | : |
| | : |

**TRUSTEE'S OBJECTION TO DEBTORS'
CHAPTER 13 PLAN DATED JANUARY 7, 2011**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtors' Chapter 13 plan dated January 7, 2011 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtors commenced this case under Chapter 13 on January 10, 2011. The Plan proposes to pay $109.00 monthly for months 1 through 4 and $733.00 monthly for months 5 through 60, for a gross funding of $41,484.00.

2. The Debtors have failed to provide documentation supporting income listed on Schedule I of $3,648.86 per month for Mrs. Berman's business income as requested by the Trustee at the meeting of creditors. Accordingly, the Trustee cannot determine whether the Plan is feasible. The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code. At this time, the Debtors have failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

3. The Trustee verified the Debtors' children's monthly day care expense of $1,200.00 and monthly preschool tuition expense of $820.00 end in approximately one year at the meeting of creditors. The Plan fails to provide that all of the Debtors' projected disposable

- 2 -

income will be applied to make payments to unsecured creditors under the Plan.  The Plan does not satisfy the requirements of section 1325(b)(1)(B) of the Bankruptcy Code.

4.  The Debtors have failed to provide proof of day care and preschool expenses, 2010 tax returns before confirmation, and documentation for the spendthrift trust and corpus as requested by the Trustee.  At this time, the Debtors have failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

5.  Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED <u>AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING</u>*.  AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS.  THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING.  THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

    Respectfully submitted,

March 14, 2011

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)
Chapter 13 Trustee
P.O. Box 1902
Laurel, Maryland  20725-1902
(301) 483-9118

- 3 -

### Certificate of Service of Objection to Chapter 13 Plan

I hereby certify that, to the extent that the following persons were not served electronically via the CM/ECF system, I caused a copy of the pleading referenced above to be sent on March 15, 2011 by first-class U.S. mail, postage prepaid to:

Edward H. Rosen
Stacy J. Berman
9107 Brierly Road
Chevy Chase, MD  20815

Marc R. Kivitz, Esquire
201 N. Charles Street, Suite 1330
Baltimore, MD  21201

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)