IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| IN RE: | * |
| | * |
| Edward H. Rosen | * CASE NO.: 11-10512-PM |
| Stacy J. Berman | * Chapter 13 |
| | * |
| Debtors | * |
| | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

## DEBTORS' RESPONSE TO OBJECTION TO CONFIRMATION

Edward H. Rosen and Stacy J. Berman, debtors, by their attorney, Marc R. Kivitz, hereby file this response to the Objection of Timothy P. Branigan, Esquire, Chapter 13 Trustee, to the confirmation of their Chapter 13 Plan, and respectfully represent that:

1. The debtors initial plan filed January 10, 2011, proposed $109.00 for four (4) months and $733.00 for fifty-six (56) months, for term of sixty (60) months with gross funding of $41,484.00, which is supported by their Schedule I and J, attached as Exhibit A, however, their expenses were without any payment to PNC Bank, N.A., on the second lien encumbering their residential real property, which by Order dated February 24, 2011 entered February 25, 2011 (Docket No.24) has been restructured to a monthly payment of $1,703.72 beginning April 1, 2011, which with a family contribution of $2,000.00 from Judge Barbara Berman, demonstrated by the letter attached as Exhibit C, supports a monthly plan payment of $405.00 as shown on Schedule I and J attached as Exhibit B.  The debtors have filed an Amended Plan, attached as Exhibit D, which Amended Plan proposes $109.00 per month for two (2) month(s), totaling $218.00, and $405.00 per month for thirty-six (36) month(s), totaling $14,580.00, and $1,000.00 per month for twenty-two (22) month(s), totaling $22,000.00, and for a total term of sixty (60) months with gross funding of $36,798.00 ("Amended Plan").— and although less gross funding

than the initial plan, the Amended Plan recognizes both the family contribution and the second lien payment to PNC Bank, N.A., and would fund full payment to priority and administrative expenses and an estimated fourteen percent (14%) distribution to general unsecured creditors exceeding that which might be received under Chapter 7. 11 U.S.C. § 1325(a)(4).

    2. The debtors have provided to the trustee documentation supporting income listed on Schedule I both for Mr. Rosen and for Mrs. Berman.  Statements for Mr. Rosen's January and February, 2011, income are attached as Exhibit E demonstrating gross income of $12,465.00 and net income of $8,685.00.  Stacy J. Berman's gross realtor commission income in January, 2011, of $12,972.28 and February, 2011, of $5,595.00 demonstrated by Exhibit F attached hereto, reflecting total gross income of $18,567.28 with expenses shown of $2,357.60, netting $16,209.68 as gross income from which must be deducted thirty-eight percent (38%) in Federal, State, and Local taxes which Mrs. Berman must pay as a 1099 employee, which is $6,159.67 ($16,209.68 x 0.38 = $6,159.67) and resulting in net income for this two-month period of $10,050.01 ($16,209.68 - $6,159.67 = $10,050.01), an average of $5,025.00, more than sufficient to support the average $3,648.86 net income reflected on Schedule I which recognizes that commissions from real estate sales are not guaranteed as there is no floor or minimum income and where in some months there might not be any closings and Ms. Berman might not receive any income at all.  The debtors submit that they have met the requirements of 11 U.S.C. § 1325(a)(6).

    3. The debtors' children are 4½ and 6½ years old; the $1,200.00 monthly daycare expense permits both debtors to go to work early each morning and to work late each evening for their creditors' benefit.  This is $6.97 per hour ($1,200.00/4.3 = $279.07/week; $279.07/40 hrs. = $6.97 per hour) expense is minimal compared to the earnings it enables.

The pre-school tuition monthly expense of $820.00 is demonstrated by Exhibit G attached. The $4,589.00 annual amount is for five (5) days between the hours of 9 a.m. and 12:00 noon. The $1,500.00 additional expense is for extra hours in Spring from 12:00 noon to 2:00 p.m.; the extra hours in Fall were an expense of approximately $1,600.00. The fees for next year, 2011 – 2012, are shown on the page marked "JCCGW Preschool, T/K and Kindergarten" of $10,690.00 annually, or charged at $1,069.00 monthly, which when added to the weekly charge for extended hours of $160.00 ($160.00 x 4 = $640.00) is projected to be $1,709.00 monthly ($1,069.00 + $640.00 = $1,709.00). The Amended Plan (Exhibit D) addresses the reduction in this expense in three (3) years, when the debtors' children will be 7½ and 9½ years old by increasing the monthly Plan payment from $405.00 per month to $1,000.00 per month for remaining twenty-two (22) months of the Plan. The debtors submit that they have met the requirements of 11 U.S.C. § 1325(b)(1)(B).

4. The debtors have provided to the trustee (i) proof of their monthly expenses and (ii) copies of their Federal and State income tax returns – the Federal return showing a debt of $11,225.00 to be paid under the Amended Plan comprised of the IRS proof of claim No. 1 for $5,308.34, of which $499.09 is FUTA and $4,308.25 was for 2010 Form 1040 income taxes which tax return as of the date of the filing of the proof of claim had not been filed. The Amended Plan proposes that both the FUTA of $499.09 and the 2010 Form 1040 debt of $11,225.00 be paid.

The debtors have also provided to the trustee (iii) a copy of the Residence Trust Agreement established by Jay K. Berman dated October 19, 1999, along with the most recent tax bill for the real property at 5612 Ocean Blvd, Township of Long Beach, NJ 08008, assessed at $771,100, with an outstanding loan as of 02/23/2011 in the amount of $146,751.60 for a net asset

value of $624,348.40. On October 18, 2009, the transfer from Jay K. Berman to Stacy Berman, Jodi Berman, Robert Berman, and Judge Barbara Berman was completed thus taking the property out of Jay Berman's estate. In accordance with the terms of the Residence Trust Agreement and in accordance with Article III, Section B, the corpus of the trust, the house located in Long Beach Island, NJ, became a separate trust for these four persons. Paragraph 2 of Article III, Section B states that upon the death of both Jay Berman and Judge Barbara Berman, the principal of the trust, that is the house, shall be distributed in equal shares to Stacy Berman, Jodi Berman, Robert Berman. In accordance with the first paragraph of the trust, Judge Barbara Berman is the trustee with all the powers stated in the trust in Article VII. During the lifetime of Jay J. Berman and Judge Barbara Berman, the trustee is Judge Barbara Berman. In accordance with Article VI, Paragraph C, no "interest of any beneficiary shall be subject to anticipation, assignment, pledge, sale or transfer, to claims for alimony or support, to voluntary transfer without the written consent of the trustee, or to involuntarily transfer in any event, and no beneficiary of any such trust or other person interested therein shall have the power to encumber or charge his or her interest therein, and no trust estate created hereunder shall be liable for or subject to the debts, contracts, obligations, liabilities or torts of any beneficiary...." As trustee, Judge Barbara Berman does not consent to any transfer of Stacy Berman's interest, and evidence of the absence of that consent has been provided to the Chapter 13 trustee. The debtors contend that the trust has no value to the bankruptcy estate, and it has been listed on Schedule B as such. Moreover, pursuant to 11 U.S.C. § 541(c)(2) a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under Title 11, and thus the trust is not an asset of the Chapter 13 bankruptcy estate. The debtors submit that they have met the requirements of 11 U.S.C. § 521(a)(3).

WHEREFORE, Edward H. Rosen, and Stacy J. Berman, debtors, having responded to the requests of the Chapter 13 trustee and having proposed an Amended Plan, respectfully request that this Honorable Court:

1. Overrule the Objection of the Chapter 13 Trustee to confirmation; and

2. Award to the debtors such other and further relief as is just and proper.

/s/ Marc R. Kivitz
Marc R. Kivitz
Trial Bar No. 02878
Suite 1330
201 North Charles Street
Baltimore, MD 21201
(410) 625-2300
Facsimile: (410) 576-0140
Email: mkivitz@aol.com
Attorney for debtors

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 21st day of March, 2011, a copy of the foregoing response to objection to confirmation was served electronically or by first class mail, postage prepaid, to:

Gerard Vetter, Esquire
Assistant U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Timothy P. Branigan, Esquire
Chapter 13 Trustee
P. O. Box 1902
Laurel, MD 20725-1902

/s/ Marc R. Kivitz
Marc R. Kivitz

bkcy:1berman Obj Conf Response 03 21 11