IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| IN RE: | * |
| | * |
| Edward H. Rosen | * CASE NO.: 11-10512-PM |
| Stacy J. Berman | * Chapter 13 |
| | * |
| Debtors | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**SECOND AMENDED CHAPTER 13 PLAN**
/  /Original Plan        /X/ Amended Plan        / / Modified Plan

The Debtors propose the following Second Amended Chapter 13 plan and make the following declarations:

1.  The future earnings of the Debtors are submitted to the supervision and control of the Trustee, and the Debtors will pay as follows (select only one):

    a.  $   00 per month for a term of sixty (60)  months.  OR

    b.  $109.00 per month for two (2) month(s), totaling $218.00, and
        $405.00 per month for thirty-six (36) month(s), totaling $14,580.00, and
        $1,000.00 per month for twenty-two (22) month(s), totaling $22,000.00, and
        for a total term of sixty (60) months totaling $36,798.00.  OR

    c.  $ _____ per month prior to confirmation of this plan, and $
        _____ per month after confirmation of this plan, for a total term of
        _____ months (if this option is selected, complete 2.e.i).

2.  From the payments received, the Trustee will make the disbursements described below:

    a.  Allowed unsecured claims for domestic support obligations and Trustee's commissions.

    b.  Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance of **$2,500.00** (unless allowed for a different amount upon prior or subsequent objection) **payable in accordance with Appendix F) before any disbursement to any other creditor other than claims pursuant to 11 U.S.C. § 507(a)(1) to be paid under this plan by the trustee.**

    c.  Claims payable under 11 U.S.C. § 1326(b)(3).  Specify the monthly payment: **$0.00**.

    d.  Other priority claims defined by 11 U.S.C. § 507(a)(3) – (10).  The Debtor anticipates the following priority claims:
        **i.  Internal Revenue Service, $499.09 (POC 1 for FUTA);**
        **ii.  Internal Revenue Service 2010 Federal Form 1040 tax of $11,225.00 (of which $4,809.25 is shown on POC1 for returns not filed as of that date);**
        **iii.. Montgomery County, MD tangible personal property taxes arising from L and P Rosen Enterprises, LLC, scheduled for $1,466.62.**
        **iv. DLLR, Division of Unemployment Insurance, unemployment insurance arising from L and P Rosen Enterprises, LLC, scheduled for $420.59**

    e.  Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

i.      Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| **Wells Fargo Bank, N.A.** | **xxxxx67545** | **$2,912.05** |

ii.     Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| **Wells Fargo Bank, N.A.** | **$0.00** | | |

iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan: **not applicable**

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|

iv.     The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid *pro rata* with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors: **not applicable.**

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|

v.      The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtors:
**(A)  The Indemnity Deed of Trust lien held by PNC Bank, N.A., against the debtors' principal residence at 9107 Brierly Road, Chevy Chase, MD 20815, shall be bifurcated and paid in the new principal amount of $309,725.35 at 5.25% in monthly installments of $1,703.72 pursuant to the terms of the Order dated February 24, 2011, and entered February 25, 2011 as Docket No. 24.and the unsecured debt of PNC Bank, N.A., shall be treated as provided in Section 2(f) of the Plan pursuant to the terms of the Order dated February 24, 2011, and entered February 25, 2011 as Docket No. 24.**

vi.     If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside of the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

vii.   In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii amounts larger than those specified in such paragraphs.

f.   After payment of priority and secured claims, the balance of funds will be paid *pro rata* on allowed general, unsecured claims. (If there is more than one class of unsecured claims, describe each class.)

3.   The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order. The Debtors anticipate filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

**(A) The Indemnity Deed of Trust lien held by PNC Bank, N.A., against the debtors' principal residence at 9107 Brierly Road, Chevy Chase, MD 20815, shall be bifurcated and paid, and its unsecured debt treated, pursuant to the terms of the Order dated February 24, 2011, and entered February 25, 2011 as Docket No. 24.**

**(B) The Confessed Judgment lien held by PNC Bank, N.A., against the debtors' principal residence at 9107 Brierly Road, Chevy Chase, MD 20815, shall be voided and canceled in its entirety pursuant to the terms of the Order dated and entered February14, 2011, as Docket No. 20.**

4.   Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the clam pertaining to the pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5.   Secured Creditors who are holding claim subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.   The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

7.   Title to the Debtors' property shall revest in the Debtors when the Debtors are granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8.   Non-standard Provisions: **not applicable.**

Date: _____04/04/11_____          /s/ Edward H. Rosen_____
                                        Edward H. Rosen, Debtor


/s/ Marc R. Kivitz_____          /s/ Stacy J. Berman_____
Attorney for Debtors                Stacy J. Berman, Joint Debtor
Bkcy:1berman rosen Plan 04 04 11